.27956. RAMPEY *v.* THE STATE.

DECIDED FEBRUARY 5, 1940. REHEARING DENIED MARCH 23, 1940.

*J. P. Knight, I. H. Corbitt,* for plaintiff in error.

*H. C. Morgan,* solicitor-general, *John S. Gibson, T. E. Miller,* contra.

BROYLES, C. J. The defendant was tried for murder and convicted of voluntary manslaughter. A ground of the motion for new trial assigns error on the following excerpt from the charge to the jury: "The defendant contends that he killed the deceased, *or, that is, contends that whatever he did* was to defend himself and to protect himself. He contends that it was necessary, or appeared to him as a reasonable man to be necessary, for him to kill—*whatever he did to the deceased in the alleged encounter, that whatever he did, he did for the purpose of protecting himself and his own life, and to protect himself from the commission of a felony on him by the deceased.* He contends that the killing was justifiable." (Italics ours.) The defendant did not introduce any evidence, but made a statement to the jury. In that statement he did not deny that he had killed the deceased, nor did he state that he had not intentionally killed him. His defense, as outlined in his statement, was that the deceased had a big stick and a pistol, and advanced towards him and threatened to kill him, and tried to pull his (the deceased's) pistol from his pocket, and that *whatever* he (the defendant) did to the deceased was done to protect himself. Furthermore, the undisputed evidence demanded a finding that the deceased was killed then and there by the defendant. In view of these facts, the excerpt from the charge, while subject to criticism, does not require the grant of a new trial.

The remaining special ground of the motion for new trial was

based upon alleged newly discovered evidence, that while the jury were out considering of their verdict the bailiff in charge of them used in their presence and hearing derogatory, prejudicial, and inflammatory language against the defendant. In support of this ground affidavits of two of the jurors were presented. In the counter-showing by the State, later affidavits of the same two jurors, in which they denied the statements made in their first affidavits, were submitted. The State also submitted an affidavit of the bailiff in which he denied using any such language, and affidavits from several of the other jurors in which they denied hearing such language. In the first place, it is well-settled law that members of a jury will not be heard to impeach their own verdict. And secondly, where the facts set forth in the affidavits submitted by the movant are contradicted in the affidavits submitted by the State, the judge is the trior of such an issue and his judgment thereon will not be disturbed by the reviewing court. The verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*